UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYLE MODERNO, individually and on behalf of those individuals similarly situated,<br><br>        Plaintiff,<br><br>  – against –<br><br>ALINES' AMERICAN, INC. d/b/a ALINES AUTO GROUP and ANDY ALINE,<br><br>        Defendants. | COMPLAINT<br><br>Case No.:<br><br>Jury Trial Demanded |

Plaintiff, **KYLE MODERNO**, (hereinafter "Plaintiff"), by and through his attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and alleges as follows:

## INTRODUCTORY STATEMENT

1. Plaintiff brings this action on behalf of himself and all similarly situated employees and/or former employees seeking monetary damages, declaratory relief and affirmative relief based up on Defendants' violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201, *et seq.*, New York Labor Law (hereinafter "NYLL"), N.Y. Lab. Law § 650, *et seq.*; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2, common law, and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiff alleges, pursuant to the FLSA and NYLL, that he is entitled to recovery for himself, and on behalf of all similarly situated employees, from Defendants: (1) an overtime premium for all hours worked in excess of forty (40) per week; (2) any and all relief due and owing to Plaintiff for Defendants' failure to provide

proper meal periods; (3) interest on all compensation Defendants withheld; (4) an award of $5,000.00 to Plaintiff; the maximum penalty for violation of NYLL § 195; (5) damages for retaliation to which Plaintiff was subjected by Defendants in response to his participation in statutorily protected activity; (6) liquidated damages; and, (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337 and 1367.

4. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5. Accordingly, this action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

6. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## COLLECTIVE ACTION ALLEGATIONS

7. This action is properly maintainable as a collective action pursuant to 29 U.S.C. § 216(b).

8. This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees all of whom now work or have worked for Defendants.

9. At all relevant times, Plaintiff and other FLSA and NYLL Collective Action Plaintiffs are and have been similarly situated, have had substantially similarly job requirements and pay provisions, are and have been subject to Defendants'

decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay an overtime premium at a rate of not less than one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week.

10. Upon information and belief, there are several current and former employees who are similarly situated to Plaintiff, all of whom have been underpaid in violation of the FLSA and NYLL. The named Plaintiff is representative of those other workers and acts on behalf of the interests of Defendants' current and former employees as well as his own by bringing this action.

11. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the six (6) years prior to the filing of this action.

12. Plaintiff and potential Plaintiffs who were previously employed by Defendants for the past six (6) years prior to the filing of this action are each victims of Defendants' common policy and/or plan to violate the NYLL by failing to provide: overtime wages, at the rate of one and one-half (1.5) times the regular rate of pay, for all hours worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207, NYLL § 650 *et seq.* and N.Y.C.R.R. § 142-2.2; and, wages notices as required under the Wage Theft Prevention Act, NYLL § 195.

13. The Collective Action Members are similarly situated to Collective Action Plaintiffs in that they were each employed by Defendants as "non-exempt" employees and were systematically denied premium overtime pay for hours

worked beyond forty (40) in each workweek.

14. The exact number of such individuals is presently unknown but is known by Defendants and can (and will) be ascertained in the course of discovery.

## THE PARTIES

15. Plaintiff repeats and realleges each and every allegation contained herein.

16. Plaintiff, **KYLE MODERNO** resides in Suffolk County.

17. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of § 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 651(5).

18. At all times relevant to the Complaint, Plaintiff performed "activities for a business purpose" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. Upon information and belief, Defendant **ALINES' AMERICAN, INC. d/b/a ALINES AUTO GROUP** (hereinafter "Defendant Alines Auto") is a domestic corporation organized and existing under the laws of the State of New York, doing business in the County of Suffolk, in the State of New York at 412 Medford Avenue, Patchogue, New York 11722.

20. Defendant Alines Auto is a used car dealership which, in addition to sales, and provides personal financing options to consumers.

21. At all times relevant to the Complaint, Defendant Alines Auto was an "employer" within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 651(6).

22. Upon information and belief, at all times relevant to the Complaint, Defendant Alines Auto employed employees, including Plaintiff, who regularly were and are

Case 1:18-cv-03566-SJF-AKT Document 1 Filed 06/19/18 Page 5 of 13 PageID #: 5

engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j).

23. Upon information and belief, Defendant **ANDY ALINE** (hereinafter "Defendant Aline"), was and is the Owner of Defendant Alines Auto and: (1) has the power to hire and fire employees; (2) supervises and controls employee work schedules and the work environment; (3) determines the rate and method of payment of employees; and (4) is charged with maintaining employment records for all the related entities.

24. At all times relevant to the Complaint, Defendant Aline was an "employer" within the meaning of § 203(b) of the FLSA and NYLL § 651(6).

25. Defendant Aline is and will remain individually liable to Plaintiff and Collective Action Plaintiffs for unpaid wages pursuant to New York Business Corporations Law § 630.

26. Upon information and belief, at all times relevant to the Complaint, each Defendant was an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to its operation of a used car dealership.

27. Upon information and belief, at all times relevant to the Complaint, the Defendant, Alines Auto, employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail

5

level that are separately stated) due to their operation as a used automobile distributor.

## FACTS

28. Plaintiff repeats and realleges each and every allegation contained herein.

29. Plaintiff worked for Defendants on a full-time basis from in or around April 2018 to May 2018.

30. At all times relevant to the Complaint, Plaintiff was employed as a "parking attendant".

31. Plaintiff has no formal training as a "parking attendant" and his duties as a "parking attendant" required no advanced knowledge, skill and/or expertise.

32. At all times relevant to the Complaint, Plaintiff performed the essential functions of his position in a satisfactory manner and satisfied all conditions precedent to payment in accordance with the established terms and conditions of his employment.

33. Plaintiff was a "non-exempt" employee who was eligible for overtime premiums for all hours worked in excess of forty (40) per week.

34. At all times relevant to the Complaint, Plaintiff worked every Monday, Tuesday, Wednesday, Thursday, Friday from 8:00 a.m. until 6:00 p.m. and every Saturday from 8:00 a.m. until 1:00 p.m.

35. Accordingly, Plaintiff regularly worked no fewer than fifty-five (55) hours per week.

36. At all times relevant to the Complaint, Plaintiff was paid at a rate of $12.00 per hour for all hours worked, including those hours worked over forty (40) per week.

37. Defendants failed to compensate Plaintiff for all time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1½) times his regular hourly rate. Attached hereto as **Exhibit "1"** is a true and accurate copy of Plaintiff's pay stub for the May 5, 2018 through May 10, 2018 pay period.

38. Upon discovering that Defendants did not compensate him at the statutory overtime rate, Plaintiff made an inquiry and complained to Defendant Aline as to why he did not receive overtime compensation.

39. In response, Defendant Aline told Plaintiff in sum and substance that he did not pay his employees overtime.

40. Immediately thereafter, in May 2018, Plaintiff was terminated by Defendant Aline as a proximate result of and in response to his complaint.

41. Plaintiff, upon information and belief, and other similarly situated individuals worked six (6) days a week at no less than fifty-five (55) hours be week and did not receive overtime compensation for the hours worked in excess of forty (40) hours per week at the applicable statutory rate of one and one-half (1½) times the regular rate of pay in violation of the NYLL.

42. Defendants failed to post notices explaining wage and hour requirements in conspicuous locations as required by the NYLL, N.Y.C.R.R. 12 § 137-2.3.

43. During Plaintiff's tenure, Defendants also failed to provide him with written notice of his wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

44. Defendants did not regularly provide Plaintiff with meal breaks in violation of NYLL §§ 162(2) & (3).

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime – FLSA Violation)

45. Plaintiff repeats and realleges each and every allegation contained herein.

46. Each Defendant is an employer under 29 U.S.C. § 203(d).

47. Plaintiff is an employee under 29 U.S.C. § 203(e).

48. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

49. Plaintiff worked in excess of forty (40) hours per week, every week of his employment with Defendants.

50. Plaintiff did not receive overtime compensation at the rate of one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

51. Consequently, by failing to pay overtime compensation, Defendants violated the governing provisions of the FLSA.

52. Defendants' failure to pay overtime compensation was willful.

53. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime – NYLL Violation)

54. Plaintiff repeats and realleges each and every allegation contained herein.

55. Each Defendant is an employer under NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

56. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

57. Plaintiff worked in excess of forty (40) hours per week, every week of his employment with Defendants.

58. Plaintiff did not receive overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

59. Consequently, by failing to pay to overtime compensation, Defendants violated 12 NYCRR § 142-2.2.

60. For the foregoing reasons, Defendants violated 12 NYCRR § 142-2.2 and is liable to Plaintiff in an amount to be determined at trial plus liquidated damages, interest, attorneys' fees, and costs.

## THIRD CLAIM FOR RELIEF
### (New York Wage Theft Prevention Act Violation)

61. Plaintiff repeats and reallege each and every allegation contained herein.

62. The New York Wage Theft Prevention Act requires employers, upon hire, to "notify his or her employees, in writing, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to any requirements established by the commissioner with regard to content and form. For all employees who are eligible for overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

63. Defendants did not provide Plaintiff, and, upon information and belief, those individuals similarly situated, with a wage notice, as required by NYLL § 195.

64. Plaintiff, and, upon information and belief, those individuals similarly situated, did not sign an acknowledgment confirming receipt of said notice, as required by NYLL § 195.

65. For the foregoing reasons, Defendants have violated NYLL § 195 and are liable to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FOURTH CLAIM FOR RELIEF
### (Failure to Provide Proper Meal Periods – NYLL Violation)

66. Plaintiff repeats and realleges each and every allegation contained herein.

67. Plaintiff, and, upon information and belief, those individuals similarly situated, were employed in connection with Defendants' used car dealership.

68. Plaintiff, and, upon information and belief, those individuals similarly situated, worked shifts of more than six (6) hours that extended over the noon day meal period. Additionally, Plaintiff, and, upon information and belief, those individuals similarly situated, began work: every Monday, Tuesday, Wednesday, Thursday, Friday at 8:00 a.m. and worked through 6:00 p.m.; and, every Saturday from 8:00 a.m. until 1:00 p.m.

69. However, Defendants failed to provide Plaintiff, and, upon information and belief, those individuals similarly situated with any meal periods, in violation of NYLL §§ 162(2) & (3).

70. Upon information and belief, the New York Commissioner of Labor did not issue authority to Defendants to provide shorter meal periods, or no meal periods at all, to Plaintiff pursuant to NYLL § 162(5).

71. By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF
### (Retaliation – NYLL Violation)

72. Plaintiff repeats and realleges each and every allegation contained herein.

73. Plaintiff was retaliated against by Defendants in response to his lawful complaints to Defendant Aline regarding the wage and hour violations to which he was subjected to.

11

74. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

75. As a further proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages. Therefore, Plaintiff is entitled to equitable and injunctive relief, attorneys' fees, and an award of compensatory damages in an amount to be determined at trial.

**WHEREFORE**, as a result of the unlawful conduct and actions of Defendants herein alleged, Plaintiff and those individuals similarly situated, respectfully request this Court grant the following relief:

a) On the First and Fourth Claims for Relief, an award of Plaintiff's actual damages in an amount to be determined at trial plus interest;

b) On the Second and Third Claims for Relief, an award up to the maximum penalty for violations NYLL § 195;

c) Order Defendants pay Plaintiff a reasonable sum for expenses pursuant to the NYLL §§ 198 and 12 NYCRR §142-2.2;

d) Declare Defendants violated the NYLL;

e) Enjoin Defendants from further acts in violation of the NYLL;

f) An award of liquidated damages where allowed by statute;

g) Defendants be ordered to pay Plaintiff pre and post judgment interest where allowed by statute;

h) Defendant to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees; and

i) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
       June 19, 2018

                                          ZABELL & ASSOCIATES, P.C
                                          *Attorneys for Plaintiff*

By: _____
     Saul D. Zabell, Esq.
     1 Corporate Drive, Suite 103
     Bohemia, New York 11716
     Tel.: (631) 589-7242
     Fax: (631) 563-7475
     SZabell@laborlawsny.com